**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| TERESA POLITE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | NO: 5:10CV00083   SWW |
| | * | |
| ARKANSAS DEPARTMENT OF | * | |
| CORRECTION | * | |
| | * | |

**ORDER**

Plaintiff Teresa Polite, proceeding *pro se*, brings this employment dispute pursuant to Title VII of the Civil Rights Act of 1964 against the Arkansas Department of Correction. Along with the complaint, Plaintiff submitted (1) an application to proceed *in forma pauperis* (docket entry #1)*,* which the Clerk of the Court provisionally granted pursuant to General Order 29 and (2) a motion for appointment of counsel (docket entry #3).

Plaintiff's affidavit of financial means shows that she is unable to pay a filing fee; therefore, the Court will permit her to proceed *in forma pauperis* and will order service of the complaint and summons pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure. However, after careful consideration, Plaintiff's motion for appointment of counsel will be denied.

The Court may appoint an attorney to represent a plaintiff unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). However, a civil litigant has no constitutional or statutory right to court-appointed counsel, and the decision whether to make an appointment is within the Court's discretion. *See Sours v. Norris*, 782 F.2d 106, 107 (8th Cir.1986). The factors relevant to the

Court's decision include (1) whether the plaintiff can afford to hire an attorney, (2) whether the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so, (3) whether there is some factual basis for the plaintiff's lawsuit, and (4) whether the nature of the litigation is such that the plaintiff and the Court would benefit from the assistance of counsel. *See Slaughter v. Maplewood*, 731 F.2d 587, 589 (8th Cir.1984).

In support of her motion for appointment of counsel, Plaintiff states that she is unable to pay the costs of this action, her knowledge of the law is limited, and the issues presented are complex. Plaintiff submits no evidence that she has attempted to retain counsel, and the Court cannot conclude at this early stage of the case whether Plaintiff and the Court would benefit from the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied.

If Plaintiff resubmits her motion to appoint counsel, she should accompany the motion with a report of her efforts to obtain representation in this matter from at least three (3) different attorneys. The report should include a statement of reasons why the attorneys consulted would not represent plaintiff.

Plaintiff is hereby notified of her responsibility to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court,[1] including Local Rule 5.5(c)(2), which provides as follows:

It is the duty of any party not represented by counsel to promptly notify the Clerk

---

[1] The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the District Clerk for the Eastern District of Arkansas. Additionally, the Local Rules and the Federal Rules of Civil Procedure are available on the Court's website: www.are.uscourts.gov. To access the Federal Rules of Civil Procedure via the Court's website, go to "Links," find the heading "Federal Links" and click on "Federal Rules of Civil Procedure" below the heading. A direct link to "Local Rules" is provided on the home page of the Court's website.

and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (docket entry #3) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* (docket entry #1) is GRANTED.  Pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, the U.S. Marshal for the Eastern District of Arkansas is directed to serve the summons and complaint on Defendant, without prepayment of fees and costs or security therefor.  The Marshal shall serve the summons pursuant to the provisions of Rule 4 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED THIS 29TH  DAY OF MARCH, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE