**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| TERESA POLITE | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| | * | NO: 5:10CV00083   SWW |
| V. | * | |
| | * | |
| | * | |
| ARKANSAS DEPARTMENT OF | * | |
| CORRECTION | * | |
| | * | |

## ORDER

Plaintiff Teresa Polite, proceeding *pro se*, brings this employment dispute pursuant to Title VII of the Civil Rights Act of 1964 against the Arkansas Department of Correction ("ADC"). Before the Court is the ADC's motion to dismiss (docket entry #8), Polite's response in opposition (docket entry #11), and Polite's "motion requesting relief and entitlement" (docket entry #12). After careful consideration, and for reasons that follow, the motion to dismiss will be granted.

The following facts are undisputed. On December 31, 2007, Polite filed a discrimination charge against the ADC with the Equal Employment Opportunity Commission ("EEOC"), alleging sexual discrimination. The EEOC issued a notice of suit rights on January 4, 2008, and Polite timely filed a lawsuit in this Court. *See Polite v. Arkansas Dept. of Correction*, No. 5:08CV00065 BSM (E.D. Ark.). The ADC filed a motion to dismiss based on Polite's failure to comply with a discovery order. The Court granted the ADC's motion, which was unopposed,

1

and dismissed Polite's complaint without prejudice. Polite appealed, and the Eighth Circuit affirmed. *See Polite v. Arkansas Dept. of Corrections*, No. 09-1269, slip op. (8th Cir. Jan. 12, 2010). On March 26, 2010, Polite commenced this lawsuit based on the same claims contained in the discrimination charge she filed on December 31, 2007. The ADC moves to dismiss this action as untimely.

In order to exhaust Title VII's administrative remedies an individual must (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge within one hundred eighty (180) days of the discrimination and (2) receive notice from the EEOC of the right to sue. 42 U.S.C. § 2000e-5(b), (c), (e). Once an employee receives a right-to-sue letter from the EEOC, he or she has ninety days in which to file suit. 42 U.S.C. § 2000e-5(f)(1). The failure to file suit within ninety days of receiving a right-to-sue letter bars a claim based upon acts asserted in the underlying discrimination charge. *See Spears v. Missouri Dept. of Corrections and Human Resources*, 210 F.3d 850, 852 (8th Cir., 2000).

Dismissal without prejudice of Polite's first lawsuit did not toll Title VII's 90-day limitation period for filing suit. "Once dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had been filed." *Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662, 666 (8th Cir. 1995). Polite commenced this action well beyond the 90-day period for filing suit, and she offers no basis for equitable tolling. Accordingly, the Court finds that this action must be dismissed as time-barred.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (docket entry #8) is GRANTED. Pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's "Motion Requesting the Grant of Relief and Entitlement" (docket entry #12) is DENIED.

IT IS SO ORDERED THIS 13TH DAY OF MAY, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE